

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# Zhai v. Cedar Grove Mun

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4836

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zhai v. Cedar Grove Mun" (2006). *2006 Decisions*. Paper 1056.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1056

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4836
_____

ANN ZHAI,
                    Appellant
vs.

CEDAR GROVE MUNICIPALITY; CEDAR GROVE
POLICE DEPARTMENT; CEDAR GROVE MUNICIPAL
COURT; OFFICER JOHN DOES (2-10) all in their
individual and official capacities; RICHARD
VANDERSTREET, Officer; JOHN KENNEDY, Officer

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 04-cv-00524)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2006
Before:  FISHER, ALDISERT and WEIS, <u>Circuit Judges</u>.
(Filed: May 23, 2006)
_____

OPINION
_____

PER CURIAM.

        Ann Zhai, a *pro se* plaintiff/appellant, sued the municipality of Cedar

Grove, NJ, its police department, and police officers Kennedy and Vanderstreet for

violations of the Fourth and Fourteenth Amendments under §§ 1983, 1985, and 1986 of

the Civil Rights Act, the Americans with Disabilities Act, and the Rehabilitation Act. Zhai appeals the District Court's grant of summary judgment to the Defendants under all of her causes of action. For the reasons below, we will affirm in part, vacate in part, and remand for further proceedings.[1]

I.

On appeal from summary judgment, we review the evidence in the light most favorable to Zhai, making all reasonable inferences in her favor. See Podobnik v. U.S. Postal Serv., 409 F.3d 584, 589 (3d Cir. 2005). Zhai was driving an unregistered, uninsured car when pulled over by Officer Kennedy. Kennedy told her that the car would be impounded because it was unregistered and uninsured and asked her to exit the car. Zhai told Kennedy that she suffered from Post-Traumatic Stress Disorder and a brain tumor. When Kennedy ordered her out of the car, she repeatedly explained her medical conditions and personal situation, asking that she be let off the hook.

Zhai alleges that Kennedy became annoyed, showed her handcuffs and pepper spray, and then sprayed her with the pepper spray. At that point, she experienced a panic attack and froze with her hands gripping the steering wheel. She had trouble breathing and thinking. Officers Ribaudo (who just had arrived on the scene) and Kennedy pried her out of the car and dragged her to the police cruiser. The officers claim, and Zhai does not materially dispute, that she resisted leaving her car by writhing

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. Podobnik v. U.S. Postal Serv., 409 F.3d 584, 589 (3d Cir. 2005).

and kicking. The entire incident lasted from 9:00 until approximately 10:00 a.m.

While at the police station, Zhai lost consciousness and was sent to a hospital, where she was diagnosed with Panic Attack Disorder. Zhai could talk to the medics without a problem, but became semi-conscious and unresponsive when questioned by the police. She was in the hospital from 1:00 to about 4:00 p.m. After returning to the police station, she was interviewed by Kennedy, Vanderstreet, and supervisor Gary Dillon. Before she was released, she was charged with resisting arrest, obstruction of justice, and two counts of aggravated assault on police officers. She was released at 6:00 p.m.

At a hearing in Cedar Grove Municipal Court, Zhai entered a plea agreement in which she pled guilty to resisting arrest. She agreed to release the officers and municipality from civil liability in exchange for the other charges being dropped. Although the plea bargain called for her to sign the release within one week, Zhai never signed it and the prosecutor never followed up on it.

II.

Zhai's conspiracy claims under 42 U.S.C. §§ 1985-1986 are based on her allegation that the officers, prosecutor, and judge conspired to bring false charges to secure a release for any civil liability resulting from the incident. However, these claims are barred, along with her challenges to the guilty plea itself, by Heck v. Humphrey, 512 U.S. 477 (1994) (holding that hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

3

unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus).

Relief under Title II of the of the Americans with Disabilities Act, 42 U.S.C. § 12131, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, requires Zhai to show that she has an impairment that substantially limits at least one major life activity. See Doe v. County of Centre, PA, 242 F.3d 437, 447 (3d Cir. 2001). As Zhai did not allege that she was limited in any major life activity, the District Court properly granted summary judgment on those claims.[2]

The District Court also correctly found that Zhai has not made out a prima facie case for disability discrimination under the Fourteenth Amendment. To succeed on her equal protection claim, Zhai must show that the officers' actions were motivated by an intent to discriminate. Washington v. Davis, 426 U.S. 229, 239-40 (1976). She has not shown any evidence that the police officers at any time acted out of animus toward

---

[2] On appeal, Zhai claims to be reproductively impaired. Even if we were inclined to consider this claim, which was not made in the District Court, Zhai provides no evidence or details to support her claim. She also claims that her diagnoses of Post Traumatic Stress Disorder ("PTSD") and Temporomandibular Joint Disorder prove that she is disabled, but fails to specify how those disorders have interfered with a major life activity. Although Zhai points to gaining some weight and failing the Patent Bar Exam, these do not qualify as impairments to major life activities. See 29 C.F.R. § 1630.2(i) (giving examples of major life activities as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working"). See also Hamilton v. Sw. Bell Tel. Co., 136 F.3d 1047, 1050 (5th Cir. 1998) (noting that PTSD, standing alone, is not necessarily an impairment under the ADA).

4

her race, sex, or alleged disability.  Neither has she shown that the arresting policies of the municipality of Cedar Grove had any kind of discriminatory purpose or motivation. See Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979). Accordingly, we will affirm the judgment of the District Court with regard to the foregoing claims.

III.

Finally, we turn to Zhai's claim that Kennedy used excessive force during her arrest, a claim which we analyze using the Fourth Amendment's objective reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1988).  This claim is based on Kennedy's alleged use of pepper spray.

The District Court rejected this claim because Zhai only supposed that Kennedy used pepper spray based on the onset of her panic attack, but did not actually remember being hit with pepper spray or feeling its effects.  The Court relied upon Zhai's statement of facts, which stated that she saw "small canister (a container for Pepper Spray) being applied by one hand aiming at her . . . . She reasonably believed that officer Kennedy had made shot at her. . . . Immediately, plaintiff was experiencing lack of oxygen, cold sweats, neurological deficit, shortness of breath, and stomach churning aches, etc. " (Pl. Affirmation in Support of Motion for Summary Judgment, paras. 16-17).  Because Zhai presents no evidence that she was sprayed other than her own statements, the distinction is crucial to whether her claim survives summary judgment because we assume her eye-witness testimony is true.  See Reeves v. Sanderson Plumbing

5

Prods. Inc., 530 U.S. 133, 150 (2000) (credibility determinations are inappropriate on summary judgment).

On appeal, Zhai appears to assert that she does, in fact, remember being sprayed and that the District Court misunderstood her submissions. Summary judgment is only proper if a review of Zhai's submissions demonstrate that there is "no genuine issue of material fact" on this issue. See Fed. R. Civ. P. 56(c). Reviewing Zhai's submissions *de novo*, Fasold v. Justice, 409 F.3d 178, 183 (3d Cir. 2005), we believe that the District Court did not err in its understanding of her summary judgment papers. The District Court cannot be faulted for failing to rule on what Zhai did not argue or allege.

Accordingly, we will affirm the judgment of the District Court.